UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **LEROY PUNCH,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 6:22-CV-00022 |
| § | |
| **VICTORIA COUNTY JAIL MEDICAL** § | |
| **DEPARTMENT, VICTORIA COUNTY** § | |
| **JAIL ADMINISTRATION, CAPTAIN** § | |
| **WILLIAMSON, SARGENT VALADEZ,** § | |
| **NURSE ULLMAN, NURSE GAYLE, and** § | |
| **NURSE LAQUA,** § | |
| § | |
| **Defendants.** § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the February 7, 2023 Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Mitchel Neurock. (Dkt. No. 25). Judge Neurock made findings and conclusions and recommended that Plaintiff's Section 1983 claims be dismissed without prejudice, (Dkt. Nos. 1, 7), for purposes of screening and 28 U.S.C. § 1915(e)(2)(B). (Dkt. No. 25 at 1). Further, Magistrate Judge Neurock recommends that Plaintiff's Motion to Transfer, (Dkt. No. 23), and Motion for Appointment of Counsel, (Dkt. No. 24), be denied as moot. (Dkt. No. 25 at 1, 16).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On February 17, 2023, Plaintiff filed two

objections. (Dkt. No. 27).[1] First, Plaintiff objects to Judge Neurock's conclusion that Plaintiff's inadequate medical care claims be dismissed. (Dkt. No. 27 at 2). Second, Plaintiff objects to Judge Neurock's conclusion that the Court need not appoint Plaintiff a guardian ad litem to fairly analyze Plaintiff's claims. (Dkt. No. 27 at 1, 3).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Judge Mitchel Neurock's M&R, (Dkt. No. 25), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2) Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE,** (Dkt. Nos. 1, 7);

(3) Plaintiff's Motion to Transfer, (Dkt. No. 23), is **DENIED** as moot;[2] and

---

[1] Technically, Plaintiff filed a document entitled, "Memorandum Requesting Remand to Magistrate Judge's Recommendation." (Dkt. No. 27). The Court, however, is interpreting this document as objections to Judge Neurock's M&R.

[2] On January 9, 2023, Punch filed two documents: a Motion to Transfer, (Dkt. No. 23), and a Motion for Appointment of Counsel, (Dkt. No. 24). But these documents are identically worded. *Compare* (Dkt. No. 23) *with* (Dkt. No. 24).

(continue)

(4)   Plaintiff's Motion for Appointment of Counsel, (Dkt. No. 24), is **DENIED** as moot.

It is SO ORDERED.

Signed on August 29, 2023.

                                                  */s/ Drew B. Tipton*
                                                  **DREW B. TIPTON**
                                                  **UNITED STATES DISTRICT JUDGE**

---

Judge Neurock treats the Motion to Transfer as an application for a writ of habeas corpus. (Dkt. No. 25 at 48 n.20). So, Judge Neurock severs the writ, (Dkt. No. 23), into a new case. (*See* Dkt. No. 26) (order severing case). Thus, although not directly recommended by Judge Neurock in his M&R, the Court considers Dkt. No. 23 to now be moot due to the severing of the Motion to Transfer into a new case, (*see* Dkt. No. 25).